EASTERN DIS.
July, 1832.

M'DOUGAL
vs.
MULLONY.

</div>

---

## M'DOUGAL vs. MULLONY.

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

The payment of a specific sum does not liquidate an unsettled account, and cannot be pleaded in compensation.

PORTER, J., delivered the opinion of the court.

This action originated in a demand for an injunction against the defendant's carrying into execution a judgement he had obtained against the plaintiff. The grounds alleged for the protection of this writ are, that by the act of dissolution of the partnership formerly existing between the parties to this suit, the defendant bound himself to pay all the debts due by the firm. But that subsequent thereto, and since

27

the rendition of the judgement in favor of the defendant, the plaintiff has been compelled by a decree of the District Court of the United States, to pay more than two thousand dollars of debts due by the partnership.

To this petition the defendant answered, that the plaintiff was indebted to him in a larger sum than now set up in compensation, in consequence of various matters growing out of their former partnership.

On these allegations, a great deal of testimony was taken in the court below, and several bills of exception filed. The court below was of opinion the matters set up in the answer could not be pleaded in compensation.

The payment of a specific sum does not liquidate an unsettled account, and cannot be pleaded in compensation.

And of that opinion is this court. The plaintiff seems to have thought that, because he had paid a specific sum on account of the defendant, it was therefore liquidated, and might be plead in compensation. But this we apprehend is not a correct view of the law on this matter. The sum paid may be liquidated, and the debt not so. Were it otherwise, then every specific item of an account might be considered liquidated. In this case, nothing can be more unliquidated than the demand set up in compensation; because it requires a long and complicated inquiry into various transactions between the parties, to ascertain whether any thing be due. See *Pothier on Ob. no.* 592.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Parish Court be affirmed, with costs.

*Hennen*, for appellant. *Preston*, for appellee.